UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAY WHITEHEAD,

                              Plaintiff,

          v.                                          3:08-cv-183

UNITED PARCEL SERVICE, INC.,

                              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

        Plaintiff Jay Whitehead commenced the instant action against Defendant United

Parcel Service, Inc. ("UPS") claiming that he was terminated from his employment on

account of his disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101,

et seq. and the New York Human Rights Law.  Presently before the Court are Defendant's

motion for summary judgment pursuant to Fed. R. Civ. P. 56 and Plaintiff's motion for partial

summary judgment pursuant to Rule 56.

**I.        FACTS**[1]

        Plaintiff was diagnosed with epilepsy in 1979.  Since that time, Plaintiff has taken

Dilantin, an anti-seizure medication.  The last time Plaintiff suffered a seizure was in 1996.

Plaintiff's epilepsy does not limit his ability to drive, work as a mechanic, or perform his

---

[1] The Court has accepted Plaintiff's untimely statement of material facts.

normal functions.  Plaintiff's epilepsy has not interfered with Plaintiff's career as a mechanic.[2]

In April 2006, Plaintiff applied for a position with UPS as an automotive mechanic in

Oneonta, New York.  The Oneonta facility employs only one mechanic.  As part of the

application, Plaintiff filled out and signed an employment application and an Agreement and

Policy Acknowledgment form.  The job description of the mechanic position indicates that

one of the essential job functions is to "meet D.O.T. requirements and be CDL qualified as

required by job assignment."  The job listing continues to state that:

> The essential functions of this job may vary greatly depending upon the size and
> location of the UPS facility.  At some locations, employees may not perform all of
> the essential job functions listed above.  At other locations, employees may
> perform some or all of the functions listed above and, in addition, may be required
> to perform other jobs or tasks as directed.

In May 2006, UPS offered Plaintiff a position as an automotive mechanic.  Plaintiff

accepted the offer.  Plaintiff began working for UPS on May 15, 2006.  On May 17, 2006,

Plaintiff was sent for a physical examination.  As part of the examination, Plaintiff indicated

that he took Dilantin.  The examining physician completed the physical and informed Plaintiff

that he had passed the examination based upon representations that he would be driving

only within New York State and had a New York commercial driver's license.[3]  Upon review of

---

[2] Plaintiff claims that his epilepsy has limited his ability to work as a mechanic for UPS.

[3] Plaintiff makes much of the fact that he was initially issued a D.O.T. certificate.  The Court finds this fact to be irrelevant because it cannot seriously be disputed that Plaintiff's diagnosis of epilepsy disqualifies him obtaining such a certificate.  49 C.F.R. § 391.41(b)(8).  Even if Plaintiff truthfully represented that he would be driving entirely *intrastate*, that does not qualify him for a D.O.T. certificate because D.O.T. certification applies to driving a "commercial motor vehicle."  The phrase "commercial motor vehicle" is limited to the operation of certain types of vehicles "used on a highway in interstate commerce."  49 C.F.R. § 390.5.  A medicate certificate can be issued only if "the medical examiner finds that the person he/she examined is physically qualified to drive a commercial motor vehicle in accordance with § 391.41(b)."  49 C.F.R. § 391.43(g).  Because Plaintiff has epilepsy, he is ineligible to drive a commercial motor vehicle in accordance with § 391.41(b) and, therefore, cannot properly obtain a D.O.T. certificate.

the report of the physical examination, UPS's nurse, Robin Fey, raised a concern whether

Plaintiff could obtain a Department of Transportation ("D.O.T.") medical certificate because of

his epilepsy and the fact that he was taking anti-seizure medication.  Fey contacted the

examining clinic and informed them that Plaintiff would be required to cross state lines and,

therefore, needed a D.O.T. certificate.  Because epilepsy disqualifies a person from obtaining

a D.O.T. medical certificate, 49 C.F.R. § 391.41(b)(8), the examining physician changed his

report and opined that Plaintiff was disqualified from obtaining a DOT medical certificate.

UPS then terminated Plaintiff's employment.  Plaintiff was informed that he would be re-hired

if he could obtain a DOT certificate.  The individual hired to replace Plaintiff does not have a

New York State commercial driver's license (which Plaintiff does have),[4] but does have a

D.O.T. medical certificate.

## II.      STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedures governs motions for summary

judgment.  It is well settled that on a motion for summary judgment, the Court must construe

the evidence in the light most favorable to the non-moving party, see Tenenbaum v.

Williams, 193 F.3d 581, 593 (2d Cir. 1999), and may grant summary judgment only where

"there is no genuine issue as to any material fact and . . . the moving party is entitled to

judgment as a matter of law."  Fed. R. Civ. P. 56( c).  An issue is genuine if the relevant

evidence is such that a reasonable jury could return a verdict for the nonmoving party.

Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).  A party seeking summary judgment

bears the burden of informing the court of the basis for the motion and of identifying those

---

[4] This would preclude the new mechanic from driving tractor trailers, but not smaller vehicles or a "bobtailed" tractor trailer (operating without a trailer).

portions of the record that the moving party believes demonstrate the absence of a genuine issue of material fact as to a dispositive issue.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the movant is able to establish a prima facie basis for summary judgment, the burden of production shifts to the party opposing summary judgment who must produce evidence establishing the existence of a factual dispute that a reasonable jury could resolve in her favor.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  A party opposing a properly supported motion for summary judgment may not rest upon "mere allegations or denials" asserted in his pleadings, Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525-26 (2d Cir. 1994), or on conclusory allegations or unsubstantiated speculation. Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998).

With these standards in mind, the Court will address the pending motions.

III.    DISCUSSION

a.    Prima Facie Case Under the ADA

Defendant contends that Plaintiff cannot establish a prima facie case under the ADA.  Plaintiff responds that he was terminated because he was regarded as substantially limited in the major life activity of working.

To establish a prima facie case under the ADA, Plaintiff must demonstrate that: (1) Defendant is subject to the ADA; (2) he is disabled within the meaning of the ADA; (3) he is otherwise qualified to perform the essential functions of the job; and (4) he suffered an adverse employment action because of his disability.  Jacques v. DiMarzio, Inc., 386 F.3d 192, 198 (2d Cir. 2004); see also Brady v. Wal-Mart Stores, Inc., 531 F.3d 127, 134 (2d Cir. 2008).  Here, there is no dispute as to the first element - Defendant is subject to the ADA. Thus, the Court must address whether Plaintiff is disabled within the meaning of the ADA.

An individual is disabled within the meaning of the ADA if: (i) he has a physical or mental impairment that substantially limits one or more major life activities of such individual; (ii) he has a record of such an impairment; or (iii) is regarded as having such an impairment. See 42 U.S.C. § 12102(1). Plaintiff does not argue that he is actually disabled or that he has a record of such an impairment. Thus, the inquiry in this case is whether Plaintiff was regarded as having a physical or mental impairment that substantially limits one or more of the individual's major life activities.

"A 'regarded as' claim turns on the employer's perception of the employee and is therefore a question of intent, not whether the employee has a disability." Capobianco v. City of New York, 422 F.3d 47, 57 (2d Cir. 2005) (internal quotations and citations omitted). "It is not enough . . . that the employer regarded the individual as somehow disabled; rather, the plaintiff must show that the employer regarded the individual as disabled *within the meaning of the ADA*." Colwell v. Suffolk County Police Dept., 158 F.3d 635, 646 (2d Cir. 1998). "[A] person is 'regarded as' disabled within the meaning of the ADA if a covered entity mistakenly believes that the person's actual, nonlimiting impairment substantially limits one or more major life activities." Murphy v. United Parcel Service, 119 S. Ct. 2133, 2137 (1999).

Here, Plaintiff asserts that Defendant regarded him as substantially limited in the major life activity of working.

With respect to the major life activity of working--

(i) The term substantially limits means significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.

29 C.F.R. § 1630.2(j)(3)(I).

The facts of this case are substantially similar to those presented in Murphy.  In

Murphy, as here, a UPS mechanic was fired for being unable to obtain a DOT certificate.

The Supreme Court addressed "whether the evidence that petitioner is regarded as unable to

obtain DOT certification . . . is sufficient to create a genuine issue of fact as to whether

petitioner is regarded as substantially limited in one or more major life activities."  119 S. Ct.

at 2138.  In answering that question, the Supreme Court noted that "to be regarded as

substantially limited in the major life activity of working, one must be regarded as precluded

from more than a particular job."  Id.  The Supreme Court went on to write that:

> Petitioner was fired from the position of UPS mechanic because he has a physical impairment-hypertension that is regarded as preventing him from obtaining DOT health certification. . . .
>
> The evidence that petitioner is regarded as unable to meet the DOT regulations is not sufficient to create a genuine issue of material fact as to whether petitioner is regarded as unable to perform a class of jobs utilizing his skills.  At most, petitioner has shown that he is regarded as unable to perform the job of mechanic only when that job requires driving a commercial motor vehicle - a specific type of vehicle used on a highway in interstate commerce. 49 CFR § 390.5 (1998) (defining "commercial motor vehicle" as a vehicle weighing over 10,000 pounds, designed to carry 16 or more passengers, or used in the transportation of hazardous materials).  Petitioner has put forward no evidence that he is regarded as unable to perform any mechanic job that does not call for driving a commercial motor vehicle and thus does not require DOT certification.  Indeed, it is undisputed that petitioner is generally employable as a mechanic.  Petitioner has performed mechanic jobs that did not require DOT certification for over 22 years, and he secured another job as a mechanic shortly after leaving UPS.  Moreover, respondent presented uncontroverted evidence that petitioner could perform jobs such as diesel mechanic, automotive mechanic, gas-engine repairer, and gas-welding equipment mechanic, all of which utilize petitioner's mechanical skills.
>
> Consequently, in light of petitioner's skills and the array of jobs available to petitioner utilizing those skills, petitioner has failed to show that he is regarded as unable to perform a class of jobs.  Rather, the undisputed record evidence demonstrates that petitioner is, at most, regarded as unable to perform only a

particular job.  This is insufficient, as a matter of law, to prove that petitioner is
regarded as substantially limited in the major life activity of working.

Id. at 2138-39 (internal quotation and citation omitted).

Here, Plaintiff contends that he has evidence that he was regarded as substantially limited in the major life activity of working.  This evidence consists of Fey's response to a question posed by the EEOC during its investigation.  The EEOC presented a list of jobs to Fey and inquired "what jobs she believes [the] Charging Party is not qualified to do as a result of epilepsy."  Pl.'s Ex. K.  Fey responded that she did not believe that Plaintiff would be eligible to drive a tractor trailer interstate, drive a single body truck interstate, drive a school bus interstate, drive a taxi cab interstate, drive a tractor trailer within the state, or drive a single body truck within the state if the truck was carrying goods from out of state.  Id.

This evidence is insufficient to establish a material issue of triable fact.  First, there is no evidence that Plaintiff applied to perform any of these other jobs with Defendant.[5] Second, Fey's statements were in response to questions posed by the EEOC investigator. There is no evidence that Defendant considered these other jobs at the time Plaintiff's employment was terminated.  Third, there is no evidence that Defendant believed that Plaintiff's medical condition precluded him from, or otherwise limited him in, generally driving vehicles or working as a mechanic (or any other job that does not require D.O.T. medical certification).  Fey's responses demonstrate her belief that, because Plaintiff cannot meet the physical qualifications for drivers set forth at 49 C.F.R. § 391.41(b)(8), he is generally

---

[5] This case is, therefore, unlike Rosso v. Sysco Food Services of Albany, L.L.C., 488 F. Supp.2d 228 (N.D.N.Y. 2007), cited by Plaintiff.  In Russo, the defendant disqualified the plaintiff from a wide range of jobs, including driving commercial vehicles and company vehicles (other than commercial trucks), heavy equipment and machinery (such as forklifts).  Here, by contrast, there is insufficient evidence that Defendant believed Plaintiff to be unable to do anything other than drive vehicles that require D.O.T. medical certification.

ineligible to drive commercial vehicles in interstate commerce.[6]  That Plaintiff cannot drive

commercial vehicles in interstate commerce is a legal fact having nothing to do with

Defendant's perceptions (or misperceptions) of Plaintiff's ability to work in a class of jobs.

Plaintiff's evidence does not tend to prove that Defendant regarded Plaintiff as unable to

work in a class of jobs, but only that he is precluded from performing jobs that require a DOT

certification.  As the Murphy Court stated, "[t]he evidence that petitioner is regarded as

unable to meet the DOT regulations is not sufficient to create a genuine issue of material fact

as to whether petitioner is regarded as unable to perform a class of jobs utilizing his skills."

119 S. Ct. at 2138.  As in Murphy, this Court finds that, at most, Plaintiff has shown that he is

regarded as unable to perform the job of mechanic (or driver) only when that job requires

driving a commercial motor vehicle in interstate commerce.  119 S. Ct. at 2138-39.  Plaintiff

---

[6] Plaintiff's expert concedes that Plaintiff cannot drive commercial vehicles interstate.  Pl.'s Ex. O.
Indeed, as discussed *supra* at n.3, federal regulations require persons who drive commercial vehicles in
interstate commerce to satisfy certain physical qualifications.  49 C.F.R. § 391.41.  A person with "an
established medical history or clinical diagnosis of epilepsy" is not physically qualified to drive  a
commercial motor vehicle. Id at § 391.41(b)(8).  Under New York law, a person who cannot obtain a
D.O.T. medical certificate has a "K" restriction placed on their commercial driver's license limiting them to
"no interstate commerce."  15 N.Y.C.R.R. § 3.2(c)(3).  New York State regulations preclude a person
from driving a bus if the driver has an established medical history or clinical diagnosis of epilepsy.  15
N.Y.C.R.R. § 6.10(b)(7).  Depending on the size of the taxi, Fey's response concerning driving a taxi cab
across state lines may or may not be correct.  See 49 C.F.R. § 390.5 (defining a commercial vehicle to
include vehicles designed to transport more than 8 passengers (including the driver) for compensation.

  Department of Transportation regulations define interstate commerce as:

trade, traffic, or transportation in the United States--

(1) Between a place in a State and a place outside of such State (including a place outside of the
United States);

(2) Between two places in a State through another State or a place outside of the United States;
or

(3) Between two places in a State as part of trade, traffic, or transportation originating or
terminating outside the State or the United States.

has offered insufficient evidence from which a fair minded trier of fact could reasonably conclude that Defendant regarded him as unable to perform any mechanic job (or any other job) that does not call for driving a commercial motor vehicle in interstate commerce or does not otherwise require DOT certification.  Id.  In fact, the parties agree that petitioner is generally employable, and has successfully been employed, as a mechanic.  Id.  Defendant and Plaintiff agree that Plaintiff's epilepsy does not limit his ability to drive or work as a mechanic.  The record evidence is that Plaintiff has been employed for many years as a mechanic, including working as a mechanic for the State of New York since 2003.  Defendant hired Plaintiff on the belief that he had the requisite skills to be a mechanic.  Plaintiff points to no evidence demonstrating that Defendant believed Plaintiff's condition (rather than the inability to obtain a D.O.T. medical certificate) rendered him unable to drive commercial vehicles in interstate commerce or work as a mechanic at the Oneonta facility.  Rather, the evidence is that Defendant regarded Plaintiff as unable to obtain D.O.T. medical certification.[7]

Because Plaintiff has failed to proffer sufficient evidence upon which a fair minded trier of fact could reasonably conclude that he is disabled within the meaning of the ADA, he cannot make out a prima facie case under the ADA and that claim must, therefore, be DISMISSED.

**b.    State Law Claims**

---

[7] That Plaintiff cannot obtain D.O.T. certification is an undisputed fact.

Defendant also moves for dismissal of the state law claims either on the merits or on the ground that the Court should decline to exercise supplemental jurisdiction.  Having dismissed the federal cause of action, and absent any argument by Plaintiff why the Court should retain jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining state law cause of action.  28 U.S.C. § 1367(c); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims"); N.Y. Mercantile Exch., Inc. v. Intercontinental Exch., Inc., 497 F.3d 109, 119 (2d Cir. 2007) (same); Giordano v. City of New York, 274 F.3d 740, 754 (2d Cir. 2001) ("We think that in the absence of any remaining federal claims, the appropriate analytic framework to be applied to discrimination claims based on a "disability" as defined by New York state . . . law is a question best left to the courts of the State of New York.").

## IV.    CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED, Plaintiff's motion for summary judgment is DENIED, and the Complaint is DISMISSED in its entirety.

IT IS SO ORDERED.

Dated:August 19, 2009

Thomas J. McAvoy
Senior, U.S. District Judge